IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| C. Butler, *et al.*, § <br>     *Plaintiffs*, § <br> § <br> v. § <br> § <br> Access Restoration Services US, Inc., *et al.*, § <br>     *Defendants*. § <br> § | CIVIL ACTION NO. 4:23-cv-01936 |

**DEFENDANT MICHAEL NEEDHAM'S**
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT [DKT. 25]**

Defendant MICHAEL NEEDHAM ("Defendant") files this Answer to the Second Amended Complaint filed by Plaintiffs C. Butler, D.E. Burkey, E. J. Bradley, J. T. Campbell, T. Ebinger, M. Green, C. E. Jochum, K. J. McEntee, N. S. Miller, T. R. Moffett, L. M. Moutsanides, K. Olivo, T. Potts, C. E. Romero, Jr., T. Rudolph, N. Ruhoff, W. A. Washington, R. Louis, B. Fields, C. Ivey, Sr., and A. Burkey (collectively, "Plaintiffs") as follows:

## I.     ANSWER

1. No response to the legal conclusions in Paragraph 1 of Plaintiffs' Second Amended Complaint is required. Defendant admits that Plaintiffs contend that this Court has supplemental jurisdiction over their state law claims but does not admit to the legal conclusion about whether such supplemental jurisdiction exists as to the state law claims or issues in this case; Defendant admits the remaining allegations in Paragraph 1 of Plaintiffs' Second Amended Complaint.

2. No response to the legal conclusions contained in Paragraph 2 of Plaintiffs' Second Amended Complaint is required.

3. No response to the legal conclusions contained in Paragraph 3 of Plaintiffs' Second Amended Complaint is required. Defendant denies the allegations in Paragraph 3 of

Plaintiffs' Second Amended Complaint stating he was an "employer" of Plaintiffs. Defendant does not have enough information to admit or deny the allegations in Paragraph 3 with respect to the other defendants, and so, denies.

4. No response to the legal conclusions contained in Paragraph 4 of Plaintiffs' Second Amended Complaint is required. Defendant denies the allegations in Paragraph 4 of Plaintiffs' Second Amended Complaint stating that Defendant was an "employer" within the meaning set out in Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant does not have enough information to admit or deny the allegations in Paragraph 4 with respect to the other defendants, and so, denies.

5. Defendant denies the allegations in footnote 2 of Paragraph 5 of Plaintiffs' Second Amended Complaint. Defendant does not have enough information to admit or deny the remaining allegations in Paragraph 5 of Plaintiffs' Second Amended Complaint, and so, denies.

6. Defendant does not have enough information to admit or deny the allegations in Paragraph 6 of Plaintiffs' Second Amended Complaint, and so, denies.

7. Defendant does not have enough information to admit or deny the allegations in Paragraph 7 of Plaintiffs' Second Amended Complaint, and so, denies.

8. Defendant does not have enough information to admit or deny the allegations in Paragraph 8 of Plaintiffs' Second Amended Complaint, and so, denies.

9. Defendant denies the allegations in Paragraph 9 of Plaintiffs' Second Amended Complaint.

10. Defendant does not have enough information to admit or deny the allegations in Paragraph 10 of Plaintiffs' Second Amended Complaint, and so, denies.

11. Defendant does not have enough information to admit or deny the allegations in Paragraph 11 of Plaintiffs' Second Amended Complaint, and so, denies.

12. Defendant does not have enough information to admit or deny the allegations in Paragraph 12 of Plaintiffs' Second Amended Complaint, and so, denies.

13. Defendant does not have enough information to admit or deny the allegations in Paragraph 13 of Plaintiffs' Second Amended Complaint, and so, denies.

14. Defendant does not have enough information to admit or deny the allegations in Paragraph 14 of Plaintiffs' Second Amended Complaint, and so, denies.

15. Defendant does not have enough information to admit or deny the allegations in Paragraph 15 of Plaintiffs' Second Amended Complaint, and so, denies.

16. Defendant does not have enough information to admit or deny the allegations in Paragraph 16 of Plaintiffs' Second Amended Complaint, and so, denies.

17. Defendant does not have enough information to admit or deny the allegations in Paragraph 17 of Plaintiffs' Second Amended Complaint, and so, denies.

18. Defendant does not have enough information to admit or deny the allegations in Paragraph 18 of Plaintiffs' Second Amended Complaint, and so, denies.

19. Defendant does not have enough information to admit or deny the allegations in Paragraph 19 of Plaintiffs' Second Amended Complaint, and so, denies.

20. Defendant does not have enough information to admit or deny the allegations in Paragraph 20 of Plaintiffs' Second Amended Complaint, and so, denies.

21. Defendant does not have enough information to admit or deny the allegations in Paragraph 21 of Plaintiffs' Second Amended Complaint, and so, denies.

22. Defendant does not have enough information to admit or deny the allegations in Paragraph 22 of Plaintiffs' Second Amended Complaint, and so, denies.

23. Defendant does not have enough information to admit or deny the allegations in Paragraph 23 of Plaintiffs' Second Amended Complaint, and so, denies.

24. Defendant does not have enough information to admit or deny the allegations in Paragraph 24 of Plaintiffs' Second Amended Complaint, and so, denies.

25. Defendant does not have enough information to admit or deny the allegations in Paragraph 25 of Plaintiffs' Second Amended Complaint, and so, denies.

26. Defendant does not have enough information to admit or deny the allegations in Paragraph in Paragraph 26 of Plaintiffs' Second Amended Complaint, and so, denies.

27. Defendant does not have enough information to admit or deny the allegations in Paragraph 27 of Plaintiffs' Second Amended Complaint, and so, denies.

28. Defendant does not have enough information to admit or deny the allegations in Paragraph 28 of Plaintiffs' Second Amended Complaint, and so, denies.

29. Defendant does not have enough information to admit or deny the allegations in Paragraph 29 of Plaintiffs' Second Amended Complaint, and so, denies.

30. Defendant admits the allegations in Paragraph 30 of Plaintiffs' Second Amended Complaint.

31. Defendant does not have enough information to admit or deny the allegations in Paragraph 31 of Plaintiffs' Second Amended Complaint, and so, denies.

32. Defendant denies the allegation in Paragraph 32 of Plaintiffs' Second Amended Complaint that Ms. Garibay conducted business on behalf of ARS. Defendant does not have enough information to admit or deny the remaining allegations in Paragraph 32 of Plaintiffs' Second Amended Complaint, and so, denies.

33. Defendant admits the allegation in Paragraph 33 of Plaintiffs' Second Amended Complaint that he conducted business on behalf of ARS, but Defendant denies the remaining allegations in Paragraph 33 of Plaintiffs' Second Amended Complaint.

34. Defendant does not have enough information to admit or deny the allegations in Paragraph 34 of Plaintiffs' Second Amended Complaint, and so, denies.

35. Upon information and belief, Defendant admits the allegations in Paragraph 35 of Plaintiffs' Second Amended Complaint.

36. Upon information and belief, Defendant admits the allegations in Paragraph 36 of Plaintiffs' Second Amended Complaint.

37. Defendant does not have enough information to admit or deny the allegations in Paragraph 37 of Plaintiffs' Second Amended Complaint, and so, denies.

38. Defendant does not have enough information to admit or deny the allegations in Paragraph 38 of Plaintiffs' Second Amended Complaint, and so, denies.

39. Defendant does not have enough information to admit or deny the allegations in Paragraph 39 of Plaintiffs' Second Amended Complaint, and so, denies.

40. Upon information and belief, Defendant denies the allegations in Paragraph 40 of Plaintiffs' Second Amended Complaint.

41. Defendant does not have enough information to admit or deny the allegations in Paragraph 41of Plaintiffs' Second Amended Complaint, and so, denies.

42. Defendant does not have enough information to admit or deny the allegations in Paragraph 42 of Plaintiffs' Second Amended Complaint, and so, denies.

43. Defendant does not have enough information to admit or deny the allegations in Paragraph 43 of Plaintiffs' Second Amended Complaint, and so, denies.

44. Defendant does not have enough information to admit or deny the allegations in Paragraph 44 of Plaintiffs' Second Amended Complaint, and so, denies.

45. Defendant does not have enough information to admit or deny the allegations in Paragraph 45 of Plaintiffs' Second Amended Complaint, and so, denies.

46. Upon information and belief, Defendant denies the allegations in Paragraph 46 of Plaintiffs' Second Amended Complaint.

47. Upon information and belief, Defendant denies the allegations in the first sentence of Paragraph 47 of Plaintiffs' Second Amended Complaint claiming that Defendant used GES to perpetrate a fraud, and Defendant does not have enough information to admit or deny the remaining allegation in Paragraph 47, and so, denies.

48. Defendant admits the allegations in the first sentence of Paragraph 48 of Plaintiffs' Second Amended Complaint, except with respect to the allegations regarding Guiseppe "Joe" Gagliano, which are denied. Upon information and belief, Defendant denies the allegations in the last sentence of Paragraph 48 of Plaintiffs' Second Amended Complaint.

49. Defendant denies the allegations in the first sentence of Paragraph 49 of Plaintiffs' Second Amended Complaint. Defendant does not have enough information to admit or deny the remaining allegations in Paragraph 49 of Plaintiffs' Second Amended Complaint, and so, denies.

50. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 50 of Plaintiffs' Second Amended Complaint, and so, denies.

51. Upon information and belief, Defendant denies the allegations in Paragraph 51 of Plaintiffs' Second Amended Complaint.

52. Defendant does not have enough information to admit or deny the allegations in Paragraph 52 of Plaintiffs' Second Amended Complaint, and so, denies.

53. Defendant does not have enough information to admit or deny the allegations in Paragraph 53 of Plaintiffs' Second Amended Complaint, and so, denies.

54. Defendant denies the allegations in Paragraph 54 of Plaintiffs' Second Amended Complaint.

55. Defendant does not have enough information to admit or deny the first sentence of Paragraph 55 of Plaintiffs' Second Amended Complaint, and so, denies. Upon information and belief, Defendant denies the remaining allegations in Paragraph 55.

56. Defendant does not have enough information to admit or deny the allegations in Paragraph 56 of Plaintiffs' Second Amended Complaint, and so, denies.

57. Defendant admits the allegations in the third sentence of Paragraph 57 of Plaintiffs' Second Amended Complaint. Defendant does not have enough information to admit or deny the remaining allegations in Paragraph 57 of Plaintiffs' Second Amended Complaint, and so, denies.

58. Upon information and belief, Defendant denies the allegations in Paragraph 58 of Plaintiffs' Second Amended Complaint.

59. Defendant denies the allegations in Paragraph 59 of Plaintiffs' Second Amended Complaint.

60. Defendant does not have enough information to admit or deny the allegations in Paragraph 60 of Plaintiffs' Second Amended Complaint, and so, denies.

61. Defendant does not have enough information to admit or deny the allegations in Paragraph 61 of Plaintiffs' Second Amended Complaint, and so, denies.

62. Defendant does not have enough information to admit or deny the allegations in Paragraph 62 of Plaintiffs' Second Amended Complaint, and so, denies.

63. Defendant does not have enough information to admit or deny the allegations in Paragraph 63 of Plaintiffs' Second Amended Complaint, and so, denies.

64. Defendant does not have enough information to admit or deny the allegations in Paragraph 64 of Plaintiffs' Second Amended Complaint, and so, denies.

65. Defendant does not have enough information to admit or deny the allegations in Paragraph 65 of Plaintiffs' Second Amended Complaint, and so, denies.

66. Defendant does not have enough information to admit or deny the allegations in Paragraph 66 of Plaintiffs' Second Amended Complaint, and so, denies.

67. Defendant does not have enough information to admit or deny the allegations in Paragraph 67 of Plaintiffs' Second Amended Complaint, and so, denies.

68. Defendant does not have enough information to admit or deny the allegations in Paragraph 68 of Plaintiffs' Second Amended Complaint, and so, denies.

69. Defendant does not have enough information to admit or deny the allegations in Paragraph 69 of Plaintiffs' Second Amended Complaint, and so, denies.

70. Defendant does not have enough information to admit or deny the allegations in Paragraph 70 of Plaintiffs' Second Amended Complaint, and so, denies.

71. Defendant does not have enough information to admit or deny the allegations in Paragraph 71 of Plaintiffs' Second Amended Complaint, and so, denies.

72. Defendant does not have enough information to admit or deny the allegations in Paragraph 72 of Plaintiffs' Second Amended Complaint, and so, denies.

73. Defendant does not have enough information to admit or deny the allegations in Paragraph 73 of Plaintiffs' Second Amended Complaint, and so, denies.

74. Defendant does not have enough information to admit or deny the allegations in Paragraph 74 of Plaintiffs' Second Amended Complaint, and so, denies.

75. Defendant does not have enough information to admit or deny the allegations in Paragraph 75 of Plaintiffs' Second Amended Complaint, and so, denies.

76. Defendant does not have enough information to admit or deny the allegations in Paragraph 76 of Plaintiffs' Second Amended Complaint, and so, denies.

77. Defendant does not have enough information to admit or deny the allegations in Paragraph 77 of Plaintiffs' Second Amended Complaint, and so, denies.

78. Defendant does not have enough information to admit or deny the allegations in Paragraph 78 of Plaintiffs' Second Amended Complaint, and so, denies.

79. Defendant does not have enough information to admit or deny the allegations in Paragraph 79 of Plaintiffs' Second Amended Complaint, and so, denies.

80. Defendant does not have enough information to admit or deny the allegations in Paragraph 80 of Plaintiffs' Second Amended Complaint, and so, denies.

81. Defendant does not have enough information to admit or deny the allegations in Paragraph 81 of Plaintiffs' Second Amended Complaint, and so, denies.

82. Defendant does not have enough information to admit or deny the allegations in Paragraph 82 of Plaintiffs' Second Amended Complaint, and so, denies.

83. Defendant does not have enough information to admit or deny the allegations in Paragraph 83 of Plaintiffs' Second Amended Complaint, and so, denies.

84. Defendant does not have enough information to admit or deny the allegations in Paragraph 84 of Plaintiffs' Second Amended Complaint, and so, denies.

85. Defendant does not have enough information to admit or deny the allegations in Paragraph 85 of Plaintiffs' Second Amended Complaint, and so, denies.

86. Defendant does not have enough information to admit or deny the allegations in Paragraph 86 of Plaintiffs' Second Amended Complaint, and so, denies.

87. Defendant does not have enough information to admit or deny the allegations in Paragraph 87 of Plaintiffs' Second Amended Complaint, and so, denies.

88. Defendant admits the allegation in the second sentence of Paragraph 88 of Plaintiffs' Second Amended Complaint with respect to the fact he interviewed certain Plaintiffs, but denies the remaining allegations in the second sentence of Paragraph 88 of Plaintiffs' Second Amended Complaint, and denies the allegations in the remaining sentences of Paragraph 88 of

Plaintiffs' Second Amended Complaint.

89. Defendant does not have enough information to admit or deny the allegations in Paragraph 89 of Plaintiffs' Second Amended Complaint, and so, denies.

90. Upon information and belief, Defendant denies the allegations in the last sentence of Paragraph 90 of Plaintiffs' Second Amended Complaint. Defendant does not have enough information to admit or deny the allegations in Paragraph 90 of Plaintiffs' Second Amended Complaint, and so, denies.

91. Upon information and belief, Defendant denies the allegations in the last sentence of Paragraph 91 of Plaintiffs' Second Amended Complaint. Defendant does not have enough information to admit or deny the allegations in Paragraph 91 of Plaintiffs' Second Amended Complaint, and so, denies.

92. Defendant does not have enough information to admit or deny the allegations in Paragraph 92 of Plaintiffs' Second Amended Complaint, and so, denies.

93. Upon information and belief, Defendant denies the allegations in Paragraph 93 of Plaintiffs' Second Amended Complaint.

94. Defendant denies the allegations in Paragraph 94 of Plaintiffs' Second Amended Complaint.

95. Upon information and belief, Defendant denies the allegations in the last sentence of Paragraph 95 of Plaintiffs' Second Amended Complaint. Defendant does not have enough information to admit or deny the allegations in Paragraph 95 of Plaintiffs' Second Amended Complaint, and so, denies.

96. Upon information and belief, Defendant denies the allegations in the last sentence of Paragraph 96 of Plaintiffs' Second Amended Complaint. Defendant does not have enough information to admit or deny the allegations in Paragraph 96 of Plaintiffs' Second Amended

Complaint, and so, denies.

97. Defendant does not have enough information to admit or deny the allegations in Paragraph 97 of Plaintiffs' Second Amended Complaint, and so, denies.

98. Defendant denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief.

## II. GENERAL DENIAL AND AFFIRMATIVE DEFENSES

99. Defendant generally denies the request for relief that Plaintiffs request and demand that each Plaintiffs meet their respective individual burdens to prove their individual claims to such relief.

100. Defendant asserts the affirmative defense of failure to state a claim on which relief can be granted.

101. Defendant is not a proper party to this action.

102. To the extent Defendant is a proper party, and upon information and belief, Defendant asserts the affirmative defense of failure of conditions precedent. Specifically, applicable conditions precedent for Plaintiffs' bonus claim assertions have not met, including the following condition precedents: Each Plaintiff must have been continuously employed with Global Estimating Services, Inc. as a field estimator for a period of 180 or more days at the end of quarter for which the claimed bonus was calculated; each Plaintiff must have been actively employed by the Company as a field estimator at the time the claimed bonus became payable; for each claimed bonus, a Field Estimator Bonus Structure Evaluation Sheet ("Bonus Sheet") must have been fully executed by Plaintiff and a Global Estimating Service, Inc.'s company representative (the General Manager or other designee of the Vice President of Global Operations); and the Plaintiff's employment must not have been terminated (whether by the field estimator or by Global Estimating Services, Inc., for any reason or no reason) before the Bonus Sheet for Plaintiff's claimed bonus was fully executed.

103. To the extent Defendant is a proper party, Defendant asserts that Plaintiffs' claims are barred, in whole or in part by the doctrine of laches.

104. To the extent Defendant is a proper party, Defendant asserts that the sums already paid to Plaintiffs constitute compensation for all hours worked.

105. To the extent Defendant is a proper party, Defendant asserts that Plaintiffs' claims are barred, in whole or in part, because the work alleged to be unpaid is not compensable time under applicable law (including the Portal to Portal Act), including because the alleged time constituted preliminary, postliminary, or de minimis activities.

106. To the extent Defendant is a proper party, Defendant asserts that Defendant acted at all times in good faith in attempting to comply with his obligations under the FLSA and with reasonable grounds for believing that it was complying with the FLSA and that any act or omission giving rise to Plaintiffs' claims was not in violation of the FLSA.

107. To the extent Defendant is a proper party, Plaintiffs are barred from recovering penalties or liquidated damages pursuant to the FLSA and their claims are barred (in whole or in part) because (i) Plaintiffs have failed to plead facts sufficient to support allegations of willfulness; and (ii) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages allegedly due to Plaintiffs.

108. To the extent Defendant is a proper party, Defendant asserts that no Plaintiffs are entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, or confiscatory.

109. To the extent Defendant is a proper party, Defendant asserts that Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, offset, setoff, and/or estoppel.

110. To the extent Defendant is a proper party, Defendant asserts that Plaintiffs' claims are barred, in whole or in part, by failures to mitigate and/or unclean hands.

### III. PRAYER

Defendant MICHAEL NEEDHAM prays that, upon final hearing of this cause, the Court will enter judgment that Plaintiffs take nothing of and from Defendant, assess court costs against Plaintiffs and all other and further relief, both general and special, legal or equitable, to which Defendant may be justly entitled.

Respectfully submitted,

By: /s/ Lisa M. Norman
LISA M. NORMAN
State Bar No. 24037190
Federal Bar No. 613906
lnorman@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 850-4200 – Telephone
(713) 850-4211 – Facsimile

ATTORNEY-IN-CHARGE FOR DEFENDANT
MICHAEL NEEDHAM

**OF COUNSEL**
ANDREW J. CLARK
State Bar No. 24101624
Federal Bar No. 2996672
aclark@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 850-4200 - Telephone
(713) 850-4211 – Facsimile
ATTORNEY FOR DEFENDANT
MICHAEL NEEDHAM

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 9th day of November 2023, the foregoing document was forwarded by electronic delivery/ECF to all counsel of record.

                                                    */s/ Lisa M. Norman*
                                                    LISA M. NORMAN