IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| C. BUTLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACCESS RESTORATION SERVICES US, INC., et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 4:23-cv-01936<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' PROPOSED JURY QUESTIONS

Plaintiffs propose the following topics and questions for the prospective jury panel in this case:

**1. <u>Employers or former employers on the panel may have personal experiences about being sued by employees that are relevant.</u>**

It may be relevant if a panel member has been a business owner and employer, and whether an employee has ever brought a legal claim against the employer for unpaid overtime wages.

Q: Has anyone here ever owned a business, where you had employees?

*For panel members who respond in the affirmative:*

Q: Has a former employee ever filed a lawsuit or a wage claim against your company for unpaid overtime wages, or for any other reason?

Q:     All of the plaintiffs in this case are former employees of Defendant Global Estimating Services and are claiming unpaid bonuses from the company. Eleven of the 12 of them also claim unpaid overtime wages, with the 12th plaintiff believing that he didn't work over 40 hours in any weeks. Has your personal experience with having an employee sue your company for unpaid wages or file a wage claim left you with a bad taste in your mouth about a business owner being sued by an employee? Do you have any initial feelings that come up when you hear why these plaintiffs are suing their former employer?

Q:     Would you be able to set aside your personal experience as a business owner, and follow the instructions that the Court will provide you, to determine fairly and impartially whether the employer *in this specific case* violated the law and failed to pay overtime pay when they were supposed to?

Q:     Do you believe you will give the employer any special "grace" because you have been an employer and can relate to how difficult that can be at times?

**2.     Some panel members may take issue with an employee claiming overtime pay when the employee had agreed to work under a pay plan that only provided for salary and potential bonuses. The juror could be swayed by the notion that a plaintiff "made a deal" to work without overtime and therefore "a deal is a deal," when that notion could be contrary to the law and the Court's instructions. A juror could be further swayed if the evidence shows that a plaintiff never complained about not getting overtime pay until after their employment had already ended.**

Each Plaintiff had a comp plan that provided for a salary and the potential for bonuses. Salary means that the employee is generally paid the same amount each pay period, regardless of whether they actually work 30 hours or 50 hours. Each plaintiff in this case agreed to work for the company under these terms. While they contend that the

2

company owes them bonuses, as well as overtime pay for weeks when they worked over 40 hours (for 11 of the 12), each one agrees that the company paid his or her salary in full.

Q: Does anyone here believe that if a company pays their employee a salary, then the company is never required by law to also pay that employee overtime pay as well, when the employee works over 40 hours in a workweek?

*For panel members who respond in the affirmative:*

Q: I anticipate the Court will instruct the jury that there can be circumstances where an employee who is paid a salary may still be legally entitled to overtime pay by law. Despite your belief that you came in here with, that salary automatically means no overtime, will you be able to set that belief aside and follow the Court's instructions on the law even if those instructions are to the contrary?

Q: All of the plaintiffs in this case agreed to work for a salary and the potential for bonuses. This was specified in each plaintiff's offer letter. Does it bother anyone here that 11 plaintiffs are claiming unpaid overtime wages now, after agreeing to work for salary and potential bonuses?

*For panel members who respond in the affirmative:*

Q: If the law on which the Court instructs you says that it's the employer's responsibility, and not the employee's, to determine when the employer is legally required to pay or not pay overtime wages, will you hold the employer to that responsibility?

Q: If the evidence and the Court's instructions on the law support awarding a plaintiff in this case unpaid overtime wages, could you do so even if right now, you're

3

uncomfortable with the idea that the plaintiff had agreed to work under a different pay arrangement?

Q:      If the evidence shows that a particular plaintiff never complained to the company about not getting paid overtime during their employment, and only raised the issue afterwards or even perhaps through this lawsuit for the first time, could that affect your decision in this case, even if it is the employer's responsibility to determine when overtime is or isn't owed?

**3.      It can be relevant to find out if there are any employees who have had to file a lawsuit or a wage claim for unpaid overtime wages.**

Q:      Has anyone here, as an employee, filed a lawsuit or a wage claim over unpaid overtime pay? How about over unpaid regular pay or salary?

*For panel members who respond in the affirmative:*

Q:      What were the circumstances of your claim? How was it resolved? How did you feel, having to pursue some sort of legal action to get paid what you believed you were owed? Would you be able to set aside your feelings and experiences and act in a fair impartial manner for both the employees and their former employer when making a decision in this particular case?

**4.      It may be relevant to learn if any panel members have an inherent prejudice against finding an individual defendant liable for the company's overtime violations.**

Two of the four defendants in this case were both high-ranking individuals with the company when the plaintiffs were employed there. The 11 plaintiffs who are suing for overtime have also sued them individually. The overtime law, known as the Fair Labor

4

Standards Act, allows for an individual to be held individually liable for overtime violations in certain circumstances, as will be instructed to you by the Court at the appropriate time.

Q:   Finding that a company is liable for a sum of money in a court case may feel different to you then finding that an individual is liable for a sum of money. Can you set aside any sympathy for the fact that these defendants are individual people who may be found liable to owe a sum of money, and follow the Court's instructions on individual liability when they are ultimately presented to you if you serve on the jury?

Respectfully submitted,

*Kerry O'Brien*

**Kerry V. O'Brien**
Texas Bar No. 24038469
SDTX Bar No. 021724
Attorney-in-Charge
Board Certified in Labor & Employment Law by the TBLS



1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR PLAINTIFFS**

5