## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| D. BURKEY, et al., | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:23-cv-01936 |
| ACCESS RESTORATION | § | |
| SERVICES US, INC., et al., | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### PLAINTIFFS' REQUESTED JURY INSTRUCTIONS AND VERDICT FORM

COME NOW, Plaintiffs David Burkey, Jeremy Campbell, Malcolm Green, Chas Jochum, Rafael Louis, Natalie Miller, Timothy Moffett, Trevon Potts, Cesar Romero, Tracy Rudolph, Nathaniel Ruhoff, and Warren Washington, and respectfully request that the following instructions and verdict form be given to the jury in the above-captioned lawsuit.

Respectfully submitted,

*Kerry O'Brien*

**Kerry V. O'Brien**
Texas Bar No. 24038469
SDTX Bar No. 021724
Attorney-in-Charge
Board Certified in Labor & Employment Law by
the TBLS

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE



1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR PLAINTIFFS**

# JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1 (JURY PANEL INSTRUCTION)

MEMBERS OF THE JURY:

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented

4

in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**Authority: 5th Cir. Pattern Civil Jury Instruction No. 1.1 (Jury Panel Instructions) (2020).**

## JURY INSTRUCTION NO. 2 (Preliminary Instructions to the Jury)

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with

anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

There are some issues of law or procedure that I must decide that the attorneys and I must discuss.

These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiffs will present their respective cases through witness testimony and documentary or other evidence. Next, the defendants will have an opportunity to present their cases. The plaintiffs may then present rebuttal evidence.

After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict. Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

It is now time for the opening statements.

**Authority: 5th Cir. Pattern Civil Jury Instruction No. 1.2 (Preliminary Instructions) (2020).**

## JURY INSTRUCTION NO. 3 (Jury Charge)

Members of the Jury:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Authority: 5th Cir. Pattern Civil Jury Instruction No. 3.1 (2020).**

## JURY INSTRUCTION NO. 4

BURDEN OF PROOF

The Plaintiffs, who are David Burkey, Jeremy Campbell, Malcolm Green, Chas Jochum, Rafael Louis, Natalie Miller, Timothy Moffett, Trevon Potts, Cesar Romero, Tracy Rudolph, Nathaniel Ruhoff, and Warren Washington, each has the burden of proving his or her claims by a preponderance of the evidence. Defendants Global Estimating Services, Inc., Access Restoration Services US, Inc., Nathan Normoyle, and Michael Needham, each also have the burden of proving their affirmative defenses by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that a Plaintiff has failed to prove any element of his or her claims by a preponderance of the evidence, then that Plaintiff may not recover on that claim. Conversely, if you find that a Defendant has failed to prove any element of its or his claims by a preponderance of evidence, then that Defendant may not recover on that claim.

**Authority: 5th Cir. Pattern Civil Jury Instruction No. 3.2 (2020).**

11

## JURY INSTRUCTION NO. 5

EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Authority: 5th Cir. Pattern Civil Jury Instruction No. 3.3 (2020).**

## JURY INSTRUCTION NO. 6

STIPULATIONS

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. The parties have stipulated to the following facts:

1. [TBD]

## JURY INSTRUCTION NO. 7

WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Authority: 5th Cir. Pattern Civil Jury Instruction No. 3.4 (2020).**

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## <u>JURY INSTRUCTION NO. 8</u>

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Authority: 5th Cir. Pattern Civil Jury Instruction No. 2.11 (2020).**

## JURY INSTRUCTION NO. 9

### No Inference From Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Authority: 5th Cir. Pattern Civil Jury Instruction No. 3.6 (2020).**

## **JURY INSTRUCTION NO. 10**

### **Introductory Instructions Regarding the Plaintiffs' Claims for Unpaid Bonuses**

All 12 Plaintiffs in this case each claim that Defendant Global Estimating Services, Inc. ("GES") breached the parties' bonus agreement. Each Plaintiff contends that he or she earned bonuses pursuant to the bonus agreement, and Defendant GES failed to pay each such Plaintiff the bonuses that he or she earned under that bonus agreement. Defendant GES denies the allegations. The Plaintiffs must prove by a preponderance of the evidence that Defendant GES breached their bonus agreement.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## JURY INSTRUCTION NO. 11

PRELIMINARY INSTRUCTION REGARDING DAMAGES ON UNPAID BONUS CLAIMS

If a Plaintiff has proven by a preponderance of the evidence that Defendant Global Estimating Services, Inc. ("Defendant GES") breached its bonus agreement with that Plaintiff, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I am giving instructions about each Plaintiff's damages as an indication in any way that I believe that any or all of the Plaintiffs should, or should not, win this case.  It is your task first to decide whether Defendant GES is liable for breaching a bonus agreement with each Plaintiff, as will do in Question No. 1, below.  I am instructing you on damages only so that you will have guidance in the event you decide that Defendant GES breached the bonus agreement as to a Plaintiff and that Plaintiff is entitled to recover money from Defendant GES as a result of such breach.

Each Plaintiff must prove his or her damages, if any, by a preponderance of the evidence. Your award, if any, must be based on evidence and not speculation or guesswork. On the other hand, no Plaintiff need prove the amount of his or her losses, if any, with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

Do not include interest on any amount of damages you may find.

19

## JURY INSTRUCTION NO. 12

OVERTIME CLAIMS UNDER THE FAIR LABOR STANDARDS ACT

In this case, Plaintiffs David Burkey, Jeremy Campbell, Malcolm Green, Rafael Louis, Natalie Miller, Timothy Moffett, Trevon Potts, Cesar Romero, Tracy Rudolph, Nathaniel Ruhoff, and Warren Washington (but not Plaintiff Chas Jochum) claim unpaid overtime wages. In this Jury Charge, these 11 of the 12 Plaintiffs shall be referred to as the "Overtime Plaintiffs" when referring specifically to their overtime claims. The Overtime Plaintiffs claim that Defendant GES, Defendant Access Restoration Services US, Inc. ("ARS"), Defendant Nathan Normoyle, and Defendant Michael Needham did not pay each Overtime Plaintiff their overtime pay required by the federal Fair Labor Standards Act, also known as the "FLSA" for short.

All 4 Defendants deny the Overtime Plaintiffs' claims. *[insert Defendant's defensive allegations here]*

It is undisputed that the 8 Field Inspectors who were not supervisors and who claim overtime in this case – David Burkey, Jeremy Campbell, Malcolm Green, Natalie Miller, Trevon Potts, Cesar Romero, Tracy Rudolph, and Nathaniel Ruhoff ("Non-Supervisor Overtime Plaintiffs") – are covered by the overtime provisions of the Fair Labor Standards Act. That means that if a Non-Supervisor Overtime Plaintiff worked over 40 hours in a workweek, he or she is entitled to an overtime premium of "time-and-a-half" pay for those hours over 40 in that workweek. It is unlawful for an employer to require an employee covered by the overtime provisions of the FLSA to work more than 40 hours in a workweek without paying overtime.

20

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

To succeed on their overtime claims, each Overtime Plaintiff must prove by a preponderance of the evidence that the Overtime Plaintiff was entitled to overtime pay and the Defendant failed to pay that Overtime Plaintiff the overtime pay due as required by law.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If a covered employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time she worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

A worker's regular hourly rate of pay is calculated by dividing the total pay for the period by the number of hours worked during the period. When calculating the regular hourly rate, non-discretionary bonuses are included in that calculation. Therefore, if a Plaintiff is awarded a bonus in this case for a period of time in which the Plaintiff as an Overtime Plaintiff also claims overtime pay, that bonus will be added to their salary to calculate that Overtime Plaintiff's regular hourly rate for purposes of calculating the ultimate overtime pay owed to him or her.

To calculate how much overtime pay an Overtime Plaintiff is entitled to be paid, if any, multiply the number of hours you have found Plaintiff worked over 40 hours per workweek times ½ of the regular rate of pay.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

The law requires the employer to keep records of how many hours its employees work and the amount they are paid. In this case, each Overtime Plaintiff claims that Defendants failed to keep and maintain adequate records of the start and stop time of their daily work shifts. Each Overtime Plaintiff also claims that Defendants' failure to keep and maintain adequate records has made it difficult for each such Overtime Plaintiff to prove the exact amount of his or her unpaid overtime hours. If you find that Defendants failed to keep adequate time records for an Overtime Plaintiff and that Overtime Plaintiff performed work for which he or she should have been paid, the Overtime Plaintiff may recover damages based on her good faith estimate of the overtime hours that he or she performed.

The amount of damages is the difference between the amount Plaintiff should have been paid and the amount he or she was actually paid. If you find that a Defendant violated the FLSA, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether any Overtime Plaintiff has proved liability against any Defendant on an overtime claim.

## JURY INSTRUCTION NO. 18

OTHER LEGAL ENTITIES AND CORPORATE OFFICERS
AS "EMPLOYERS" UNDER THE FAIR LABOR STANDARDS ACT

The Overtime Plaintiffs contend that Defendant Access Restoration Services US, Inc., Defendant Nathan Normoyle (the former Vice President of GES), and Defendant Michael Needham (the former Director of Operations of GES), each meet the definition of "employer" under the Fair Labor Standards Act, and are therefore jointly and severally liable for the damages, if any, owed to the Overtime Plaintiffs by GES.

The definition of "employer" under the Fair Labor Standards Act is expansive and is defined as "any *person* acting directly or indirectly in the interest of an employer in relations to an employee. The term "person" means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons. A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages. People who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies. Whether or not an individual is a joint employer is determined by the economic reality of the employment relationship.

The following factors are considered in determining whether or not and individual is an employer, although all factors do not have to be found to exist in order to find employer status. Those factors include whether the individual: (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

of employment, (3) determined the rate and method of payment, or (4) maintained employment records.

You should apply the preponderance of the evidence standard when evaluating whether or not the Overtime Plaintiffs have proved that Defendant Normoyle and Defendant Needham each qualify as an "employer" of the Overtime Plaintiffs under the federal overtime law.


**Authority: 29 U.S.C. §203(a) & (d) (definitions of person and employer); *Martin v. Spring Break '83*, 688 F.3d 247, 251 (5th Cir. 2012) (standards for employer liability under FLSA for corporate officers); *Gray v. Powers*, 673 F.3d 352, 354-57 (5th Cir. 2012) (same); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984), citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973) and *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983) (same); *Reich v. Circle C Investments, Inc.*, 998 F.2d 324, 329 (5th Cir.1993) (same).**

## JURY INSTRUCTION NO. 18

ALTER EGO

The Plaintiffs claim that Global Estimating Services, Inc. ("GES") was organized and operated as a mere tool or business conduit of Access Restoration Services US, Inc. ("ARS US"); there was such unity between GES and ARS US that the separateness of ARS had ceased and holding only GES responsible would result in injustice; and ARS US caused GES to be used for the purpose of perpetrating and did perpetrate an actual fraud on Plaintiffs primarily for the direct personal benefit of ARS US.

In deciding whether there was such unity between GES and ARS US that the separateness of ARS US had ceased, you are to consider the total dealings of GES and ARS US, including –

1. the degree to which GES's property had been kept separate from that of ARS US;

2. the amount of financial interest, ownership, and control ARS US maintained over GES; and

3. whether GES had been used for personal purposes of ARS US.

**Instruction on Alter Ego – Texas PJC 108.2 (2014)**

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## <u>JURY INSTRUCTION NO. 19</u>

TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT

The Plaintiffs claim that Defendant ARS US tortiously interfered with Defendant GES performing under the bonus agreement between the Plaintiffs and GES.

The four elements of intentional interference with a contract are (I) the existence of a contract subject to interference, (2) an act of interference that was willful and intentional, (3) the act was a proximate cause of the plaintiff's damage, and (4) actual damage or loss occurred. *Prudential Insurance Co. of America v. Financial Review Services, Inc.,* 29 S.W.3d 74, 77 (Tex. 2000); *ACS Investors, Inc. v. McLaughlin,* 943 S.W.2d 426,430 (Tex. 1997); *Holloway v. Skinner,* 898 S. W.2d 793, 795-96 (Tex. 1995); see also *Southwestern Bell Telephone Co. v. John Carlo Texas, Inc.,* 843 S.W.2d 470, 472 (Tex. 1992).

Interference can include conduct that prevents performance of a contract or makes performance of a contract impossible, more burdensome, or more difficult or of less or no value to the one entitled to performance. See *International Union UAW v. Johnson Controls, Inc.,* 813 S. W.2d 558, 568 (Tex. App. – Dallas 1991, writ denied); *Tippett v. Hart,* 497 S.W.2d 606, 610 (Tex. Civ. App. – Amarillo), writ rej'd n.r.e. per curiam, 501 S.W.2d 874 (Tex. 1973).

Plaintiffs must prove that ARS US tortiously interference with GES's performance under the bonus agreement by a preponderance of the evidence.

**Source: Texas PJC 106.1 (Comments).**

## JURY INSTRUCTION NO. 20

### DAMAGES FOR TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT

The basic measure of damages is the same as for breach of contract. *American National Petroleum Co. v. Transcontinental Gas Pipe Line Corp.,* 798 S.W.2d 274, 278 (Tex. 1990) (the "basic measure of actual damages for tortious interference with contract is the same as the measure of damages for breach of the contract interfered with, to put the plaintiff in the same economic position he would have been in had the contract interfered with been actually performed."). Thus, damages for interference with an existing contract or prospective contractual relations include the pecuniary loss of the contract's benefit and consequential losses. *American National Petroleum Co.,* 798 S.W.2d at 278.

Plaintiffs must prove their damages against Defendant Access Restoration Services US, Inc. for tortious interference with an existing contract by a preponderance of the evidence.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

<u>**QUESTION NO. 1:**</u>

**Did Defendant Global Estimating Services, Inc. breach its bonus agreement with the Plaintiff?**

Answer "Yes" or "No" with respect to each individual Plaintiff, below.

     a. David Burkey:    _____ ("Yes" or "No")

     b. Jeremy Campbell: _____ ("Yes" or "No")

     c. Malcolm Green:  _____ ("Yes" or "No")

     d. Natalie Miller:   _____ ("Yes" or "No")

     e. Trevon Potts:    _____ ("Yes" or "No")

     f. Cesar Romero:   _____ ("Yes" or "No")

     g. Tracy Rudolph: _____ ("Yes" or "No")

     h. Nathaniel Ruhoff: _____ ("Yes" or "No")

     i. Rafael Louis:    _____ ("Yes" or "No")

     j. Timothy Moffett:  _____ ("Yes" or "No")

     k. Warren Washington:  _____ ("Yes" or "No")

     l. Chas Jochum:   _____ ("Yes" or "No")

If you answered "Yes" to one or more of the Plaintiffs above, go to the next page and proceed with Question No. 2. If you answered "No" to *all* 12 Plaintiffs above, skip Question No. 2 altogether and go directly to Question No. 3 on page \_\_\_\_\_.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

### QUESTION NO. 2

For each Plaintiff for whom you answered "Yes" in response to Question No. 1, what sum of money, if any, if paid now in cash, would fairly and reasonably compensate that Plaintiff for his or her damages, if any, that resulted from Defendant GES's breach of their bonus agreement?

Answer in dollars and cents for damages, if any, using numbers for any dollar amounts rather than words. If you answered "No" in response to Question No. 1 as to a particular Plaintiff, you should leave blank that Plaintiff's line below.

a. David Burkey:       $_____

b. Jeremy Campbell:  $_____

c. Malcolm Green:    $_____

d. Natalie Miller:    $_____

e. Trevon Potts:      $_____

f. Cesar Romero:     $_____

g. Tracy Rudolph: $ _____

h. Nathaniel Ruhoff: $ _____

i. Rafael Louis:      $ _____

j. Timothy Moffett:   $ _____

k. Warren Washington:  $ _____

l. Chas Jochum:  $ _____

29

## QUESTION NO. 3

**Has the Plaintiff proven that he or she is entitled to recover unpaid overtime wages under the Fair Labor Standards Act?**

Answer specifically "Yes" or "No" with respect to each individual Plaintiff, below.

a. David Burkey: _____ ("Yes" or "No")

b. Jeremy Campbell: _____ ("Yes" or "No")

c. Malcolm Green: _____ ("Yes" or "No")

d. Natalie Miller: _____ ("Yes" or "No")

e. Trevon Potts: _____ ("Yes" or "No")

f. Cesar Romero: _____ ("Yes" or "No")

g. Tracy Rudolph: _____ ("Yes" or "No")

h. Nathaniel Ruhoff: _____ ("Yes" or "No")

i. Rafael Louis: _____ ("Yes" or "No")

j. Timothy Moffett: _____ ("Yes" or "No")

k. Warren Washington: _____ ("Yes" or "No")

If you answered "Yes" to one or more Plaintiffs, proceed to Question No. 4 on the next page. If you answered "No" to all 12 Plaintiffs in response to this question, skip to Question No. 5 on p. _____.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

**QUESTION NO. 4**

**For each Plaintiff for whom you answered "Yes" in response to Question No. 3 for a Plaintiff, what sum of money would fairly and reasonably compensate that Plaintiff for the unpaid overtime wages, if any, you have found Defendant Global Estimating Services, Inc. owes to that Plaintiff?**

To calculate the overtime owed to a Plaintiff, you will use the following formula:

- Take the total salary and bonuses earned by the Plaintiff in the 4th Quarter of 2022 (including any bonuses awarded by you in this case) and divide that total pay amount by 13 weeks to determine the Average Weekly Pay Rate for that Plaintiff in Q4-2022.

- For the weeks in which you find that the Plaintiff worked unpaid overtime hours, divide the Average Weekly Pay Rate you calculated above by the total number of hours you find the Plaintiff worked in that week (both regular and overtime hours). That number is the Average Hourly Rate for that week.

- Divide the Average Hourly Rate by 2. Then, take that number and multiply it by the total number of Plaintiff's *overtime* hours in that week. That final number is the Plaintiff's unpaid overtime wages for that week.

- Repeat the above process for each week for which you find the Plaintiff worked unpaid overtime hours to calculate the total unpaid overtime wages owed to the Plaintiff for the 4th Quarter of 2022. That final total is the number that would put in the blank, below.

Answer in dollars and cents for damages, if any, using numbers for any dollar amounts rather than words. If you answered "No" in response to Question No. 3 as to a particular Plaintiff, you should leave blank that Plaintiff's line below.

a. David Burkey:     $_____

b. Jeremy Campbell:  $_____

c. Malcolm Green:    $_____

d. Natalie Miller:   $_____

e. Trevon Potts:     $_____

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

f. Cesar Romero:   $_____

g. Tracy Rudolph: $ _____

h. Nathaniel Ruhoff: $ _____

i. Rafael Louis:    $ _____

j. Timothy Moffett:   $ _____

k. Warren Washington:  $ _____

Proceed to the next page.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## <u>QUESTION NO. 5</u>

**Was Defendant Global Estimating Services, Inc. ("GES") acting as the alter ego of Defendant Access Restoration Services US, Inc. ("ARS US") with respect to the Plaintiffs, thereby making ARS US jointly liable for any damages to Plaintiffs by GES found by you in this case?**

Answer "Yes" or "No."


ANSWER: _____


Proceed to the next page.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## **QUESTION NO. 6**

**Was the Defendant an "employer" under the Fair Labor Standards Act as to Plaintiff <u>David Burkey's</u> unpaid overtime claims?**

Answer "Yes" or "No" for each of the following Defendants:

Defendant Access Restoration Services US, Inc.

ANSWER: _____

Defendant Nathan Normoyle

ANSWER: _____

Defendant Michael Needham

ANSWER: _____

Proceed to the next page.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## **QUESTION NO. 7**

**Was the Defendant an "employer" under the Fair Labor Standards Act as to Plaintiff <u>Jeremy Campbell's</u> unpaid overtime claims?**

Answer "Yes" or "No" for each of the following Defendants:

Defendant Access Restoration Services US, Inc.

ANSWER: _____

Defendant Nathan Normoyle

ANSWER: _____

Defendant Michael Needham

ANSWER: _____

Proceed to the next page.

## **QUESTION NO. 8**

**Was the Defendant an "employer" under the Fair Labor Standards Act as to Plaintiff <u>Malcolm Green's</u> unpaid overtime claims?**

Answer "Yes" or "No" for each of the following Defendants:


Defendant Access Restoration Services US, Inc.

ANSWER: _____



Defendant Nathan Normoyle

ANSWER: _____



Defendant Michael Needham

ANSWER: _____



       Proceed to the next page.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## QUESTION NO. 9

**Was the Defendant an "employer" under the Fair Labor Standards Act as to Plaintiff <u>Natalie Miller's</u> unpaid overtime claims?**

Answer "Yes" or "No" for each of the following Defendants:

Defendant Access Restoration Services US, Inc.

ANSWER: _____

Defendant Nathan Normoyle

ANSWER: _____

Defendant Michael Needham

ANSWER: _____

  Proceed to the next page.

37

## **QUESTION NO. 10**

**Was the Defendant an "employer" under the Fair Labor Standards Act as to Plaintiff <u>Trevon Potts'</u> unpaid overtime claims?**

Answer "Yes" or "No" for each of the following Defendants:

Defendant Access Restoration Services US, Inc.

ANSWER: _____

Defendant Nathan Normoyle

ANSWER: _____

Defendant Michael Needham

ANSWER: _____

Proceed to the next page.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## **QUESTION NO. 11**

**Was the Defendant an "employer" under the Fair Labor Standards Act as to Plaintiff <u>Cesar Romero's</u> unpaid overtime claims?**

Answer "Yes" or "No" for each of the following Defendants:

Defendant Access Restoration Services US, Inc.

ANSWER: _____

Defendant Nathan Normoyle

ANSWER: _____

Defendant Michael Needham

ANSWER: _____

Proceed to the next page.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## **QUESTION NO. 12**

**Was the Defendant an "employer" under the Fair Labor Standards Act as to Plaintiff <u>Tracy Rudolph's</u> unpaid overtime claims?**

Answer "Yes" or "No" for each of the following Defendants:

Defendant Access Restoration Services US, Inc.

ANSWER: _____

Defendant Nathan Normoyle

ANSWER: _____

Defendant Michael Needham

ANSWER: _____

Proceed to the next page.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## <u>QUESTION NO. 13</u>

**Was the Defendant an "employer" under the Fair Labor Standards Act as to Plaintiff <u>Nathaniel Ruhoff's</u> unpaid overtime claims?**

Answer "Yes" or "No" for each of the following Defendants:

Defendant Access Restoration Services US, Inc.

ANSWER: _____

Defendant Nathan Normoyle

ANSWER: _____

Defendant Michael Needham

ANSWER: _____

Proceed to the next page.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## QUESTION NO. 14

**Did Defendant Access Restoration Services, Inc. tortiously interfere with Defendant Global Estimating Services, Inc.'s performance of its obligations under its bonus agreement with the Plaintiffs?**

Answer "Yes" or "No".

ANSWER: _____

If you answered "Yes" to this question, proceed to Question No. 15 on the next page. If you answered "No" to this question, skip to page _____.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

## QUESTION NO. 15

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate each Plaintiff for his or her damages, if any, proximately caused by such interference by Defendant Access Restoration Services US, Inc.?**

Answer in dollars and cents for damages, if any, for each Plaintiff below, using numbers for any dollar amounts rather than words.

a. David Burkey:      $_____

b. Jeremy Campbell:  $_____

c. Malcolm Green:    $_____

d. Natalie Miller:    $_____

e. Trevon Potts:      $_____

f. Cesar Romero:     $_____

g. Tracy Rudolph: $ _____

h. Nathaniel Ruhoff: $ _____

i. Rafael Louis:     $ _____

j. Timothy Moffett:   $ _____

k. Warren Washington:  $ _____

Proceed to the next page.

DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry, or computer. You may not use the internet, or internet service, or any text or instant messaging service, nor communicate or use in any way any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

If you need to communicate with me during you deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the

JPTO EXH 8 - PLAINTIFFS' PROPOSED JURY CHARGE

attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**Authority: 5th Cir. Pattern Civil Jury Instruction No. 3.7 (2020).**

## <u>CERTIFICATE</u>

We, the jury, have answered each of the above and foregoing questions by an agreement of at least 10 of 12 jurors, and herewith return the same into court as our verdict.

_____                _____
Date                                            Jury Foreperson

_____                _____
Juror                                           Juror

_____                _____
Juror                                           Juror

_____                _____
Juror                                           Juror

_____                _____
Juror                                           Juror

_____                _____
Juror                                           Juror

SIGNED at Houston, Texas, this the _____ day of _____, 2025.

_____
**UNITED STATES DISTRICT JUDGE**