IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| C. BUTLER, et al., | § |
| Plaintiffs, | § |
| v. | § CIVIL ACTION NO. 4:23-cv-01936 |
| ACCESS RESTORATION SERVICES US, INC., et al., | § |
| Defendants. | § |

**PLAINTIFFS' MEMORANDUM OF LAW**

TO THE HONORABLE COURT:

COME NOW, the 12 remaining Plaintiffs, who hereby provide the Court with this memorandum of law, outlining key legal issues for the trial in this case.

1. **Breach of Contract**

Plaintiffs contend that they performed under the terms of a bonus agreement with GES and earned bonuses pursuant to that agreement, which to date have not been paid.

In Texas, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC,* 490 F.3d 380, 387 (5th Cir. 2007),

citing *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.,* 51 S.W.3d 345, 351 (Tex.App. - Houston [1st Dist.] 2001.

A unilateral employment contract is created when an employer promises an employee certain benefits in exchange for the employee's performance, and the employee performs. *City of Houston v. Williams,* 353 S.W.3d 128, 136 (Tex. 2011). Plaintiffs contend that GES's bonus agreement was a unilateral offer that they accepted by their performance, i.e. by performing inspections pursuant to the standards set out in the Production, Quality, and Customer Service tiers of the bonus agreement.

"Whether a party has breached a contract is a question of law for the court[,]" not a question of fact for the jury. *X Technologies, Inc. v. Marvin Test Sys., Inc.,* 719 F.3d 406, 413 (5th Cir. 2013) (quoting *Meek v. Bishop Peterson & Sharp, P.C.,* 919 S.W.2d 805, 808 (Tex. App. – Houston [14th Dist.] 1996, writ denied)). "The court determines what conduct is required by the parties, and to the extent the parties dispute whether or not they have performed that conduct, the court submits that factual dispute to the jury." *Id.* at 413–14 (internal quotations omitted).

"In construing a written contract, the Court's task is to ascertain the intentions of the parties as expressed in the contract." *Marathon E.G. Holding Ltd. v. CMS Enters., Co.,* 597 F.3d 311, 316 (5th Cir. 2010) (citing *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 662 (Tex. 2005)). In doing so, the court gives "the terms of a contract their plain, ordinary, and generally accepted meaning unless the contract shows them to be used in a technical or different sense." *Id.* (citing *Heritage Res., Inc. v. NationsBank,* 939 S.W.2d 118, 121

(Tex. 1996)). "A contract is not ambiguous when the contract is worded such that its terms can be given a definite meaning." *Id.*

2. **Alter Ego**

Texas law states that Defendant ARS may be liable for Defendant GES's contractual debts if ARS "caused [GES] to be used for the purpose of perpetrating and did perpetrate an actual fraud on [Plaintiffs] primarily for the direct personal benefit of [ARS]." TEX. BUS. ORG. CODE § 21.223. "'Actual fraud' is defined as 'involv[ing] dishonesty of purpose or intent to deceive.'" *AHBP LLC v. Lynd Co.,* 649 F. Supp. 3d 371, 387 (W.D. Tex. 2023), citing *Spring St. Partners–IV, L.P. v. Lam,* 730 F.3d 427, 442 (5th Cir. 2013). "[I]n the context of piercing the corporate veil, actual fraud is not equivalent to the tort of fraud." *Latham v. Burgher,* 320 S.W.3d 602, 607 (Tex. App. – Dallas 2010, no pet.). Indeed, "the requirements for showing actual fraud are less burdensome than those for establishing fraud." *Weston Grp., Inc. v. Sw. Home Health Care, LP,* No. 3:12-CV-1964-G, 2014 WL 940329, at *2 (N.D. Tex. Mar. 11, 2014) (emphasis added). Furthermore, piercing the corporate veil under Texas law is available "when the corporation is used for illegal purposes…." *NorDar Holdings, Inc. v. W. Sec. (USA) Ltd.,* 969 F. Supp. 420, 422 (N.D. Tex. 1997).

3. **Tortious Interference with an Existing Contract**

Under Texas law, a plaintiff must establish the following elements to succeed on a tortious interference with contract claim: (1) the existence of a contract subject to interference, (2) willful and intentional interference, (3) that proximately causes damage, and (4) actual damage or loss. Specialties of Mex. Inc. v. Masterfoods USA, 2010 WL

3

2488031, at *9 (S.D.Tex. June 14, 2010) (citing All Am. Tel., Inc. v. USLD Commc'ns, Inc., 291 S.W.3d 518, 531 (Tex.App.-Fort Worth 2009, pet. denied)).

4. **Eleven of 12 Plaintiffs' Claims for Unpaid Overtime Wages – Good Faith Estimate**

The Overtime Plaintiffs (all of the Plaintiffs other than Plaintiff Jochum) are basing their claimed overtime hours on their good faith estimates of the overtime hours worked. When an employer has failed to keep adequate records, the plaintiff "need not prove the precise extent of uncompensated work, though he must present more than unsubstantiated assertions." *White v. Patriot Erectors, L.L.C.,* No. 23-50524, 2024 WL 3181455, at *7 (5th Cir. 2024) (citations omitted). The burden then shifts to the employer to come forward with evidence rebutting plaintiff's claims. *Id*. "The employer can discharge this burden by presenting either 'evidence of the precise amount of work performed or evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Id*. (Citations omitted.) "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Mt. Clemens*, 328 U.S. 680, 688 (1946).

5. **"Employer" Liability under the FLSA, for ARS, Normoyle, and Needham**

Under the FLSA, "[t]he joint employer doctrine holds joint employers jointly and severally liable for any violations of the FLSA. *Tillis v. Glob. Fixture Servs. Inc.,* No. 4:19-CV-01059, 2020 WL 1443490, at *6 (S.D. Tex. 2020). "A single [worker] may stand in the relation of an employee to two or more employers at the same time." *Seong Song v. JFE Franchising, Inc.,* 394 F. Supp. 3d 748, 754 (S.D. Tex. 2019); citing 29 C.F.R. § 791.2(a). "If all the relevant facts establish that [those] employers are acting entirely independently

4

of each other and are completely disassociated with respect to the employment of [the] employee," then they are treated as "separate and distinct" employers. *Id.* On the other hand, if the facts show that "employment by one employer is not completely disassociated from employment by the other employer(s)," then they are treated as "joint employers." *Id.;* accord *Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 194 (5th Cir. 1983) (recognizing that the term "employer" "has been interpreted to encompass one or more joint employers").

Consistent with its broad, remedial purposes, the FLSA defines the term "employer" expansively – the statute places no express limitation on the word's meaning, stating only that it "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *Avila v. SLSCO, Ltd.,* No. 3:18-CV-00426, 2022 WL 784062, at *11 (S.D. Tex. Mar. 15, 2022), report and recommendation adopted, No. 3:18-CV-00426, 2022 WL 980273 (S.D. Tex. Mar. 31, 2022). The Fifth Circuit has held that the definition of "employer" is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the employer's corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Reich v. Circle C. Invs., Inc.,* 998 F.2d 324, 329 (5th Cir. 1993).

Through the *Lone Star Steel* (1968) and *Gray* (2012) cases, the Fifth Circuit has espoused two separate lists of criteria for determining whether a defendant meets the definition of "employer" under the FLSA. In *Wirtz v. Lone Star Steel Co.,* 405 F.2d 668, 669 (5th Cir. 1968), the Fifth Circuit noted that "[e]ach case must be considered in light of

5

the total situation or whole activity to determine whether an employer-employee relationship exists." Then, the Fifth Circuit set out the following factors for reviewing "employer" status under the FLSA:

> "(1) Whether or not the employment takes place on the premises of the company?;
> (2) How much control does the company exert over the employees?;
> (3) Does the company have the power to fire, hire, or modify the employment condition of the employees?;
> (4) Do the employees perform a 'specialty job' within the production line?; and
> (5) May the employee refuse to work for the company or work for others?"

*Lone Star Steel,* 405 F.2d at 670-71 (5th Cir. 1968).

In *Gray v. Powers,* 673 F.3d 352 (5th Cir. 2012), the Fifth Circuit applied an "economic realities" test that considers "whether the alleged employer:

> (1) possessed the power to hire and fire the employees,
> (2) supervised and controlled employee work schedules or conditions of employment,
> (3) determined the rate and method of payment, and
> (4) maintained employment records."

*Gray,* 673 at 355. The *Gray* court did not acknowledge the factors set out in *Lone Star Steel* or the case itself, which was otherwise precedential in this Circuit.

In 2019, a district court in this district attempted to resolve apparent conflicts between the separate tests espoused in those two cases. In *Seong Song v. JFE Franchising, Inc.,* 394 F. Supp. 3d 748 (S.D. Tex. 2019), the district court examined both cases and held that "*Lone Star Steel* provides the controlling framework for determining [the alleged employer defendant's] status as a joint employer" and is "valid and binding precedent," noting that "the *Lone Star Steel* framework has long been used by the Fifth Circuit and by district courts in the circuit." *Seong Song,* 394 F. Supp. 3d at 755. The *Seong Song* court

6

noted that *Gray* provides a "much more restrictive test of employer status" that "ignore[s] several of the considerations expressly identified in *Lone Star Steel* as being particularly relevant to assessing joint employer status. *Id.* at 756. The court noted that "while satisfying *Gray's* four-factor test may be sufficient to establish joint employer status, it is by no means necessary for a plaintiff to do so." *Id.* Because *Gray* did not provide a basis for overruling *Lone Star Steel,* "the earlier opinion controls and is the binding precedent in the circuit," and gave *Gray* "no effect." *Id.*

Following *Seong Song,* courts in this district have harmonized any apparent conflict by recognizing that for the FLSA "employer" analysis, the court must consider "the totality" of the circumstances. *Kibodeaux v. A&D Ints., Inc.,* No. 3:20-CV-00008, 2022 WL 980354, at *4 (S.D. Tex. Mar. 31, 2022); *Barnes v. Gracia Mexican Kitchen, LLC,* No. 2:18-CV-140, 2020 WL 13389874, at *6 (S.D. Tex. Mar. 2, 2020); *Fuller v. Jumpstar Enterprises, LLC,* No. H-20-1027, 2021 WL 1429521, at *4 (S.D. Tex. Mar. 26, 2021); *Avila v. SLSCO, Ltd.,* No. 3:18-CV-00426, 2022 WL 784062, at *12 (S.D. Tex. Mar. 15, 2022), report and recommendation adopted, No. 3:18-CV-00426, 2022 WL 980273 (S.D. Tex. Mar. 31, 2022). These district courts have further recognized that the "the tests [in *Lone Star Steel* and *Gray*] are substantially similar." *Kibodeaux,* 2022 WL 980354, at *4; *Fuller,* 2021 WL 1429521 at *4. Therefore, Plaintiffs believe that this Court may consider any of the *Gray* and *Lone Star Steel* factors, but must still consider the totality of the circumstances of the relationship between Defendant ARS and Plaintiffs' overtime work in southwest Florida.

Whether a person or corporation is an employer or joint employer is essentially a question of fact. See *Boire v. Greyhound Corp.,* 376 U.S. 473, 481, 84 S. Ct. 894, 899, 11 L. Ed. 2d 849 (1964).

Also relevant is ARS's financial control over GES. Numerous courts have considered financial control over a corporation to be a significant factor in making the "employer" status determination. *Goetz v. Synthesys Techs., Inc.,* 286 F. Supp. 2d 796, 801 (W.D. Tex. 2003).

Respectfully submitted,

/s/ Kerry O'Brien

**Kerry V. O'Brien**
Texas Bar No. 24038469
SDTX Bar No. 021724
Attorney-in-Charge

Board Certified in Labor & Employment Law by the TBLS



1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR PLAINTIFFS**

8